IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KYMNICKA MCPHERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE NO.: |
| | : | 1:15-CV-340-WSD-JCF |
| KIDS N PLAY, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER and FINAL REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Amended Motion for Default Judgment (Doc. 11)[1], and Plaintiff's Motion for Attorneys' Fees (Doc. 21).

## Background

Plaintiff Kynmnicka McPherson was employed by Defendant Kids N Play LLC, doing business as "Kids Land" (hereinafter referred to as Defendant or "Kids Land") until April 27, 2013 when she was informed by Defendant's General Manager that the owner of the company had decided to terminate her because she was pregnant. (Doc. 2 at ¶ 12). Defendant provided Plaintiff with an "Employee Termination Form" signed by a supervisor which indicated Plaintiff was "laid off" and provided the explanation as "due to pregnancy." (*Id.* at ¶ 13; *see also id.* at 12

---

[1] Plaintiff previously filed a motion for default judgment (Doc. 9) which was superseded by the amended motion. Because there is an amended motion, the original motion (Doc. 9) is moot and therefore **DENIED**.

1

(Exhibit B- "Employee Termination Form")).  Within 180 days of her termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at ¶ 9).  On November 10, 2014, the EEOC sent Plaintiff a "Notice of Right to Sue" stating that the "EEOC found reasonable cause to believe that violations of the statute(s) occurred…but could not obtain a settlement with [Defendant]."  (*Id.* at 9 (Exhibit A- "Notice of Right to Sue")).  The notice indicated that the EEOC decided not to bring suit but informed Plaintiff of her right to independently bring suit against Defendant within 90 days.  (*Id.*).

On February 3, 2015 Plaintiff filed this action against Defendant Kids Land asserting a claim of discrimination in violation of Title VII and the Pregnancy Discrimination Act along with a claim of intentional infliction of emotion distress.  (Doc. 1).  Plaintiff filed an Amended Complaint on February 4, 2015, which included exhibits and removed Plaintiff's second count, leaving the discrimination claim as the sole claim pending against Defendant.  (Doc. 2).  Plaintiff served Defendant through its registered agent on February 6, 2015.  (*See* Doc. 4).  Defendant did not file a responsive pleading by February 25, 2015 as required, so Plaintiff filed a Motion For Clerk's Entry of Default on February 26, 2015.  (Doc. 5).  The Clerk's Entry of Default was entered on February 27, 2015.

Plaintiff filed an Amended Motion For Default Judgment[2] on August 25, 2015 requesting the Court set a hearing to determine damages. (Doc. 11). On August 26, 2015 the undersigned issued an order directing Defendant to file a response to Plaintiff's motion for default judgment within 14 days showing cause as to why Plaintiff's motion should not be granted. (Doc. 12 at 1). Additionally, the undersigned set an evidentiary hearing for September 16, 2015, and ordered both parties to appear. (*Id.* at 1-2). The Court directed the clerk to mail a copy of that order to the address listed for Defendant, however, the order was returned as undeliverable on September 9, 2015. (*See* Doc. 15). The Court held an evidentiary hearing on September 16, 2015 where Plaintiff testified about her termination and damages and presented evidence to support her testimony. (Doc. 16; *see also* Doc. 20 (transcript of the hearing hereinafter cited as Tr. __)). Plaintiff submitted and the Court admitted into evidence four exhibits: Exhibit A- Plaintiff's Amended Complaint with attachments (Doc. 17-1); Exhibit B- a copy of Plaintiff's Wage and Income Transcript from the Internal Revenue Service (Doc. 17-2); Exhibit C- a back pay calculation indicating what Plaintiff would have earned if she had remained employed with Defendant until January 13, 2014 (Doc.

---

[2] Plaintiff's initial motion for default judgment requested a jury trial to determine damages. (Doc. 9 at 3). The undersigned issued an Order To Show Cause, directing Plaintiff to amend the motion to provide legal authority to support her request for a jury trial. (Doc. 10). Plaintiff filed an amended motion, but in that motion she no longer sought a jury trial, instead she requested a hearing to determine damages. (*See* Doc. 11 at 3).

3

17-3); and Exhibit E[3]- a collection of Plaintiff's email correspondence showing her attempts to secure employment during this period (Doc. 17-4). (Doc. 17). On October 23, 2015, Plaintiff filed a motion for attorneys' fees seeking $34,416.50 in attorneys' fees and $899 in costs. (Doc. 21 at 4). Defendant has not been responsive at any point in this litigation.

## Discussion

### I. Motion For Default Judgment

#### A. Liability

Before granting default judgment, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). "While 'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover,' a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.' " *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Court held a hearing at which Plaintiff testified about her termination. (*See* Doc. 20).

---

[3] No "Exhibit D" was presented.

Plaintiff's sole claim is that she was discriminated against in violation of Title VII and the Pregnancy Discrimination Act when her employment was terminated as a direct result of her pregnancy.  (*See* Doc. 2 at ¶¶ 15-18).  Title VII provides that it is an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a)(1).  "In 1978, Congress enacted the Pregnancy Discrimination Act, 92 Stat. 2076, which added new language to Title VII's definitions subsection."  *Young v. UPS, Inc.*, 135 S. Ct. 1338, 191 L. Ed. 2d 279, 288 (2015).  "The first clause of the 1978 Act specifies that Title VII's 'ter[m] "because of sex" . . . include[s] . . . because of or on the basis of pregnancy, childbirth, or related medical conditions.' "  *Id.* (quoting § 2000e(k)).

Plaintiff testified that Defendant's General Manager, Shirley McLean informed her that the owner wanted to terminate her employment because "he spoke with his insurance company and he said that they told him [Plaintiff] was a liability because [she] was pregnant."  (Tr. 4).  This mirrors the allegations in her Amended Complaint and is further supported by the termination notice attached to her Amended Complaint which clearly states that she was being laid off "due to pregnancy."  (Doc. 2 at ¶ 13, Ex. 2).  Plaintiff has shown that she was terminated

5

as a direct result of her pregnancy and, therefore, has proven that she was discriminated against in violation of Title VII.

### B. Damages

Plaintiff seeks back pay in the amount of $14,880 representing 186 work days that Plaintiff would have been paid at her hourly wage of $10.00 for eight hours each day. "[A] Title VII plaintiff is entitled to recover for the economic loss due to his or her wrongful termination." *Price v. Greenman Techs. of Ga.*, No. 5:05-CV-471 (CAR), 2007 WL 2746661, at *3 (M.D.Ga. Sept. 18, 2007) (citing 42 U.S.C. § 2000e-5(g)(1)) (awarding damages on a motion for default judgment in a race-based discrimination case). Plaintiff has presented over 100 pages of emails showing how desperately she searched for a job, yet she was unable to secure a new position for nearly a year when she found new employment on January 13, 2014. (*See* Doc. 17-4; *see also* Tr. 8). Plaintiff also presented evidence showing the amount she worked before her termination and testified to the number of hours per week she would regularly work. (*See* Doc. 17-2; Tr. 8). The undersigned finds that Plaintiff has provided the necessary evidence to support her request for back pay and, therefore, **RECOMMENDS** a back pay award of $14,880.

Compensatory and punitive damages are available in a Title VII discrimination case "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or

with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1983a(b)(1).  In this case, there is direct evidence that Defendant intentionally fired Plaintiff solely because of her pregnancy.  This reflects "reckless indifference" to Plaintiff's rights.

Plaintiff testified about how losing her job impacted her life, her marriage, caused her to lose her vehicle, led to migraine headaches, and other issues.  (*See* Tr. 12-16).  Plaintiff was left in a situation where she was jobless and about to have a child.  She was unable to find employment for over a year despite extensive evidence showing that she tried everything she could to get a new job.  (*See* Doc. 17-4).  Plaintiff has requested compensatory and punitive damages in the maximum amount allowable, $50,000.  *See* 42 U.S.C. § 1981a(b)(3)(A) (capping compensatory and punitive damages at $50,000 for cases brought against employers with between 14 and 101 employees).[4]  Considering the time Plaintiff went without work, the impact on her life she testified to, the fact that this Defendant blatantly discriminated against Plaintiff because she was pregnant, and that Defendant has not bothered to participate in this litigation in any fashion, the

---

[4] Plaintiff's Complaint seeks punitive and compensatory damages without specifying a particular amount sought.  (*See* Doc. 2 at 6-7).  However, at the hearing for damages, Plaintiff's counsel requested $50,000 total, conceding that Plaintiff was not able to recover more.  (Doc. 20 at 3).  Plaintiff further reiterated Counsel's demand of $50,000.  (*Id.* at 18-19).

undersigned **RECOMMENDS** that Plaintiff's request for $50,000 in compensatory and punitive damages be **GRANTED.**

## II. Motion For Attorneys' Fees

Plaintiff seeks attorneys' fees in the amount of $34,416.50 and $899 in costs. (Doc. 21 at 2). In determining what expenses and fees are reasonable, the Court is guided by well-established principles:

> In the Eleventh Circuit, the district court employs the federal lodestar approach to set reasonable fee awards. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam). "Under the lodestar formula, a court must first determine the attorney's reasonable hourly rate . . . . Next, the court takes the reasonable hourly rate and multiplies it by the 'reasonable number of compensable hours.' " *Schafler v. Fairway Park Condominium Ass'n*, 147 F[]. App'x 113, 114-15 (11th Cir. 2005) (citing *Loranger*, 10 F.3d at 781). With respect to the reasonable hourly rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates[.]" *Norman v. Hous. Auth.,* 836 F.2d 1292, 1299 (11th Cir.1988) (internal citations omitted). " 'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.' " *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir.1996) (quoting *Norman*, 836 F.2d at 1299). In calculating what hours were reasonably spent on the litigation, exclusions for unnecessary or excessive time expended is left to the discretion of the court. *EEOC. v. Enter[]. Leasing Co.*, No. 8:00-cv-2012-T-24EAJ, 2003 U.S. Dist. LEXIS 12852, [] at *3 (M.D. Fla. May 16, 2003) (citing *Norman*, 836 F.2d at 1301). The court should exclude excessive, unnecessary, and redundant hours. *Duckworth*, 97 F.3d at 1397. "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours . . . ," *Norman*, 836 F.2d at 1303, and objections thereto must be equally specific and precise. *Duckworth*, 97 F.3d at 1397; *Norman*, 836 F.2d at 1301.

*Smith v. Psychiatric Solutions, Inc.*, No. 3:08cv3/MCR/EMT, 2008 U.S. Dist. LEXIS 78166, at *19-20 (N.D. Fla. Sept. 12, 2008), *affirmed*, 2009 U.S. App. LEXIS 28140 (11th Cir. Dec. 21, 2009).

It is within the discretion of the Court to award reasonable attorneys' fees and costs to a prevailing party in a Title VII wrongful termination case. *Price*, 2007 WL 2746661 at *3 (citing 42 U.S.C. § 2000e-5(k)). Additionally, Plaintiff is able to recover attorneys' fees for time spent working on the case while it was still at the administrative level. *See Mock v. S. Dakota Brd. Of Regents*, 296 F.Supp.2d 1061, 1064-65 (D.S.D. 2003) (explaining that "time spent on administrative process is recoverable under §2000e-5(k) so long as 'the work product from the administrative proceedings was both useful and of a type ordinary necessary to advance the civil rights litigation to the state it reached before settlement.' " (quoting *Bobbit v. Paramount Cap Mfg., Co.*, 941 F.2d 512, 514 (8th Cir. 1991))). Here, Plaintiff's claim would have been barred had she not first exhausted her administrative remedies. Therefore, it is appropriate for her to recover attorneys' fees for the work completed during the EEOC administrative stage. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 52 (1980) (allowing recovery of attorneys' fees for proceedings on discrimination employment complaint at the administrative level). However, the Court still must determine the reasonableness of both the number of hours billed and the hourly rate requested.

"The court is to use its own billing judgment to exclude 'excessive, redundant or otherwise unnecessary hours' without regard to the skill, reputation or experience of counsel." *Kinnard v. Kelly*, 1:08-CV-1824-JOF, 2010 WL 761230, at *6 (N.D. Ga. Mar. 2, 2010) (quoting *Norman*, 836 F.2d at 1301). "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc*, 548 F.3d 1348, 1350 (11th Cir. 2008). In determining a reasonable number of compensable hours, the court should consider:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

In *Kinnard*, this Court reduced the number of hours sought in a default judgment case where the requested hours appeared excessive. As Judge Forrester explained

> Plaintiff's counsel asserts that he spent 43 hours on this case, which the court finds unreasonable. As previously stated, this case is a

10

> simple default judgment case, and despite Plaintiff's counsel's contention otherwise, this case did not involve difficult issues of either a legal or factual nature, nor was a substantial amount of time and labor required. Exercising its billing judgment, and in consideration of the *Johnson* factors, the court finds that thirty-five (35) hours is a reasonable number of hours to have been spent on this case. The lodestar then is thirty-five hours at a rate of $250 per hour, for a total of $8,750.

*Kinnard*, 2010 WL 761230, at *6.

As was true in *Kinnard*, this is a simple default judgment case. Plaintiff's Amended Complaint asserted only one claim. (*See* Doc. 2). The case does not involve complex facts as Defendant clearly indicated that Plaintiff was being terminated due to her pregnancy. (*Id.* at 12). As Plaintiff's motion indicates, her attorneys have sufficient experience in employment law and should not have had much difficulty handling a case featuring direct evidence of discrimination. (*See* Doc. 21-2). Defendant was not responsive at any point during the litigation meaning that Plaintiff was not required to respond to any motions and no discovery was conducted. Finally, the undersigned held a damages hearing which took less than an hour. Plaintiff's attorneys did assist her in the EEOC process, however, even taking that into account, 124.8 hours is clearly an unreasonable amount compared to other default judgment cases[5], some of which required far more

---

[5] Not only has Plaintiff's counsel submitted 124.8 total hours, the vast majority of these hours come from the two individuals with the highest rates out of the six individuals who billed hours on the case. (*See* Doc. 21-1). Plaintiff submitted the following hours and requested rates: Cenk Erkal- .1 hours at $90/hr; Andrew B.

11

litigation. *See e.g.*, *Gibson v. Rosenthal, Stein, and Assocs., LLC*, 1:12-cv-2990-WSD, 2014 WL 2738611 at *3 (N.D. Ga. June, 17, 2014) (awarding $8,775 in attorneys' fees for 29.25 hours of work in a default judgment case); *Raetano v. Msawel*, No. 8:12-cv-1625-T-30TBM, 2013 WL 1465290 (M.D. Fla. Apr. 11, 2013) (finding 8.8 hours reasonable to attain a default judgment in a case involving an ADA claim); *Copely v. Superior Logistics Alternative, Inc.*, No. 1:10-cv-0009-MEF, 2011 WL 1165476 (M.D. Ala. Mar. 30, 2011) (finding 52.6 hours reasonable in a case alleging sexual discrimination and retaliation after some reduction for "excessive, redundant, or otherwise unnecessary" hours where a majority of the hours were billed by paralegals and an associate billing at $175/hr and the court conducted a jury trial on damages); *Ferrari v. E-Rate Consulting Servs.*, 2011 WL 1187850 (M.D. Ala. Mar. 30, 2011) (finding, after some reduction, 34.55 hours to be reasonable where Plaintiff attained default judgment, after litigation in which Defendant participated, in a case alleging sexual harassment, constructive discharge, retaliation, and several state-law claims); *Feliciano v. Wehunt*, No. 1:09-cv-03130-JOF, 2010 WL 1565493 (N.D. Ga. Apr. 19, 2010) (finding 22.5 hours reasonable in a default judgment for violation of the Fair Labor Standards Act).

---

Greenberg- 15.6 hours at $200/hr; Jami R. Mercer- 7.6 hours at $120/hr; Utrophia D. Robinson- .7 hours at $200/hr; Shaun Southworth- 58 hours at $300/hr; and, Terina M. Williams- 44.8 hours at $285/hr. (*Id.*).

Plaintiff has submitted detailed time records showing entries which appear unreasonable, especially for such a straight forward case handled by a firm which specializes in this area of the law. (*See* Doc. 21 at 17-38). The breakdown includes many entries of less than an hour for communications or "strategy" conversations as well as more lengthy entries for research and drafting of documents which seem excessive considering the simplicity of this case. (*Id.*). Plaintiff's attorneys even seek compensation for the time it took to draft a motion seeking an extension of time to file this motion for attorneys' fees. (*See id.* at 37). Plaintiff's counsel requested additional time so that they could "meticulously examine those records to ensure the reasonableness of our requested award." (Doc. 19 at 2). Despite this statement, the requested 124.8 hours far exceeds the number of hours found reasonable in similar cases. As a result, the undersigned believes that it is necessary to adjust the requested hours and rates in order to bring the result here in line with comparable fee awards in similar default judgment cases. For that reason, the undersigned **RECOMMENDS** that Plaintiff be awarded attorneys' fees for 40 hours worth a work at rate of $250 per hour.[6] This results in an award of $10,000.

---

[6] Plaintiff lists six different individuals who did work on this case with rates varying from $90 per hour to $300 per hour. While the undersigned does not find any of these rates to be, on their face, unreasonable, it does not seem appropriate that the two attorneys with the highest rates, Southworth at $300/hr and Williams at $285/hr, each request more than 40 hours of compensation. Rather than attempt

13

Plaintiff also seeks $899 in costs: $400 for a filing fee; $89, $124, $124, and $77 for four charges accrued in attempts to serve Defendant; and $85 for the transcript of the damages hearing. (*See* Doc. 21-1 at 38; *see also id.* at 39, 41, 42, 43, 46, and 49). Where a federal statute does not provide otherwise, the prevailing party may be reimbursed for litigation costs. *See* FED. R. CIV. P 54 (d)(1); *see also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1368 (N.D. Ga. 2011) (finding that "costs of the action" includes filing fee and process server fee). The undersigned finds that these amounts are reasonable and **RECOMMENDS** that Plaintiff be awarded $899 in costs.

## Conclusion

Plaintiff's initial motion for default judgment (Doc. 9) is superseded by an amended motion and therefore is **DENIED**. The undersigned **RECOMMENDS** that Plaintiff's amended motion for default judgment (Doc. 11) against Defendant be **GRANTED,** and that Plaintiff be awarded damages in the amount of $64,880. The undersigned further **RECOMMENDS** that Plaintiff's motion for attorneys' fees (Doc. 21) be **GRANTED in part** in the amount of $10,000 in attorneys' fees,

---

to lower each individual's hours in a proportionate amount to the overall reduction, the undersigned has applied a billing rate of $250 per hour to assign to all of the hours allowed to the senior attorney which is consistent with Judge Forrester's approach in *Kinnard*, where he adjusted both the hours and the rate and awarded fees based on 35 hours at $250 an hour for a total fee award of $8,750. *Kinnard*, 2010 WL 761230, at *6.

plus $899 in costs. Therefore, the undersigned **RECOMMENDS** a judgment be entered in favor of Plaintiff against Defendant in the amount of $75,779.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO REPORTED AND RECOMMENDED** this <u>10th</u> day of <u>November</u>, 2015.

                                             /s/ *J. CLAY FULLER*
                                             J. CLAY FULLER
                                             United States Magistrate Judge