IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KYMNICKA MCPHERSON,

                          Plaintiff,

          v.                                                1:15-cv-340-WSD

KIDS N PLAY, LLC, d/b/a KIDS
LAND

                          Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final

Report and Recommendation [22] ("R&R"), recommending that Plaintiff

Kymnicka McPherson's ("Plaintiff") Amended Motion for Default Judgment [11]

be granted and that Plaintiff's Motion for Attorneys' Fees [21] be granted in part.

## I.      BACKGROUND[1]

Plaintiff was employed by Defendant Kids N Play, LLC, doing business as

"Kids Land" ("Defendant") until April 27, 2013, when she was informed by

Defendant's General Manager that the owner of the company had decided to

---

[1]     The facts are taken from the R&R and the record.  The parties have not
objected to any specific facts in the R&R, and the Court finds no plain error in
them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn,
993 F.2d 776, 779 n.9 (11th Cir. 1993).

terminate her because she was pregnant.  (First. Am. Compl. [2] ¶ 12).  Defendant provided Plaintiff with an "Employee Termination Form" signed by a supervisor which indicated Plaintiff was "laid off," and provided the explanation as "due to pregnancy."  (Id. ¶ 13; see also id. at 12).

Within 180 days of her termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Id. ¶ 9).  On November 10, 2014, the EEOC sent Plaintiff a "Notice of Right to Sue," stating that the "EEOC found reasonable cause to believe that violations of the statute(s) occurred . . . but could not obtain a settlement with [Defendant]."  (Id. at 9).  The notice indicated that the EEOC decided not to bring suit but informed Plaintiff of her right to independently bring suit against Defendant within ninety (90) days. (Id.).

On February 3, 2015, Plaintiff filed this action against Defendant, asserting a claim of discrimination in violation of Title VII and the Pregnancy Discrimination Act, along with a claim of intentional infliction of emotional distress.  (Compl. [1]).  On February 4, 2015, Plaintiff filed her Amended Complaint, which included exhibits and removed Plaintiff's second count, leaving the discrimination claim as her sole claim against Defendant.  Plaintiff served Defendant through its registered

2

agent on February 6, 2015.  (See [4]).  Defendant did not file a responsive pleading by February 25, 2015, as required by the Federal Rules of Civil Procedure.  On February 26, 2015, Plaintiff filed a Motion for Clerk's Entry of Default [5].  On February 27, 2015, the Clerk's Entry of Default was entered.

On  August 25, 2015, Plaintiff field an Amended Motion for Default Judgment [11],[2] requesting the Court set a hearing to determine damages.  On August 26, 2015, the Court issued an order [12] directing Defendant to file a response to Plaintiff's motion for default judgment within fourteen (14) days, showing cause as to why Plaintiff's motion should not be granted.  The Magistrate Judge set an evidentiary hearing for September 16, 2015, and ordered both parties to appear.  The Court directed the clerk to mail a copy of that order to the address listed for Defendant.  On September 9, 2015, the order was returned as undeliverable.  ([15].

On September 16, 2015, the Court held an evidentiary hearing where Plaintiff testified about her termination and damages and presented evidence to

---

[2]    Plaintiff's initial motion for default judgment requested a jury trial to determine damages.  The Court issued an Order to Show Cause [10], directing Plaintiff to amend the motion to provide legal authority to support her request for a jury trial.  Plaintiff's amended motion requests a hearing, rather than a jury trial, to determine damages.

support her testimony.  ([16]; see also Hearing Tr. ("Tr.") [20]).  Plaintiff

submitted into evidence four exhibits:  Exhibit A- Plaintiff's Amended Complaint

with attachments [17.1]; Exhibit B- a copy of Plaintiff's Wage and Income

Transcript from the Internal Revenue Service [17.2]; Exhibit C- a back pay

calculation indicating the amount Plaintiff would have earned if she had remained

employed with Defendant until January 13, 2014 [17.3]; and Exhibit E[3]- a

collection of Plaintiff's email correspondence showing her attempts to secure

employment during this period [17.4].  On October 23, 2015, Plaintiff filed her

Motion for Attorneys' Fees, seeking $34,416.50 in attorneys' fees and $899 in

costs.  ([21] at 4).  Defendant has not been responsive at any point in this litigation.

On November 10, 2015, the Magistrate Judge issued his R&R.  In it, he

determined that Plaintiff has proved that she was discriminated against in violation

of Title VII.  (R&R at 4-6).  The Magistrate found that Plaintiff provided the

evidence necessary to support her request for back pay in the amount of $14,880.

The Magistrate Judge recommended that Plaintiff's request for $50,000 in

compensatory and punitive damages be granted.  The Magistrate recommended

---

[3]     No "Exhibit D" was presented.

4

that Plaintiff be awarded attorneys' fees in the amount of $10,000.  No party has filed objections to the R&R.

## II.   LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  When, as here, no party has filed any objections to the report and recommendation, the Court must conduct a plain error review of the record.  U.S. v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## III.   DISCUSSION

### A.   Motion for Default Judgment

#### 1.   *Liability*

When considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief.  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).  "While a defaulted defendant is deemed to 'admit[ ] the

plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  "The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb Cty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986).

The Court held a hearing at which Plaintiff testified about her termination. Plaintiff claims she was discriminated against in violation of Title VII and the Pregnancy Discrimination Act when her employment was terminated as a result of her pregnancy.  (See First Am. Compl. ¶¶ 15-18).  Title VII provides that it is an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1).  "In 1978, Congress enacted the Pregnancy Discrimination Act, 92 Stat. 2076, which added new language to Title VII's definitions subsection. The first clause of the 1978 Act specifies that Title VII's term 'because of sex' includes 'because of or on the basis of pregnancy, childbirth, or related medical

conditions.'" Young v. UPS, Inc., —— U.S. ——, ——, 135 S.Ct. 1338, 1344-45 (2015) (internal quotation marks and ellipses omitted).

Plaintiff testified that Shirley McLean, Defendant's General Manager, informed her that the owner wanted to terminate her employment because "he spoke with his insurance company and he said that they told him [Plaintiff] was a liability because [she] was pregnant." (Tr. 4). The Magistrate Judge determined that this testimony, and the termination notice attached to Plaintiff's Amended Complaint stating she was laid off "due to pregnancy," supports the allegations in Plaintiff's Amended Complaint. (First Am. Compl. ¶ 13, Ex. 2). The Magistrate concluded that Plaintiff has shown she was terminated as a direct result of her pregnancy, and has proved that she was discriminated against in violation of Title VII. The Court finds no plain error in these findings. See Slay, 714 F.2d 1095.

2.   *Damages*

Plaintiff seeks $14,880 in back pay, representing 186 work days that Plaintiff would have been paid at her hourly wage of $10.00 for eight hours each day. "[A] Title VII plaintiff is entitled to recover for the economic loss due to his or her wrongful termination." Price v. Greenman Techs., No. 5:05-cv-471 (CAR), 2007 WL 2746661, at *3 (M.D. Ga. Sept. 18, 2007) (citing 42 U.S.C.

7

§ 2000e-5(g)(1)).  The Magistrate Judge determined that Plaintiff has provided the necessary evidence to support her request for back pay, and recommended a back pay award of $14,880.  The Court finds no plain error in these findings and recommendation, and Plaintiff's request for back pay is granted.  See Slay, 714 F.2d 1095.

Plaintiff has requested compensatory and punitive damages in the maximum amount allowable, $50,000.[4]  See 42 U.S.C. § 1981a(b)(3)(A).  Compensatory and punitive damages are available in a Title VII discrimination case "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."  42 U.S.C. §1983a(b)(1). "Punitive damages will ordinarily not be assessed against employers with only constructive knowledge of harassment," and are available only if "the discriminating employee was high up the corporate hierarchy or . . . higher management countenanced or approved his behavior."  Ash v. Tyson Foods, Inc.,

---

[4]     While Plaintiff's Amended Complaint does not specify the amount of punitive and compensatory damages she seeks, at the hearing for damages, Plaintiff's counsel requested $50,000 total.  ([20] at 3).  Plaintiff reiterated counsel's request of $50,000.  (Id. at 18-19).

664 F.3d 883, 900-901 (11th Cir. 2011) (internal quotation marks omitted).  "[I]n the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decision of managerial agents where these decisions are contrary to the employer's good faith efforts to comply with Title VII." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 528 (1999).

The Magistrate Judge determined that the direct evidence showing Defendant intentionally fired Plaintiff solely because of her pregnancy reflects "reckless indifference" to Plaintiff's rights.  (R&R at 7).  The Court agrees.  The evidence shows Defendant's General Manager informed Plaintiff that the owner wanted to terminate her employment because "he spoke with his insurance company and he said that they told him [Plaintiff] was a liability because [she] was pregnant."  (Tr. 4).  Defendant also provided Plaintiff with an "Employee Termination Form" signed by a supervisor which indicated Plaintiff was "laid off" and provided the explanation as "due to pregnancy."  (First Am. Compl. ¶ 13; see also id. at 12).  This is precisely the type of situation in which punitive damages are appropriate.  See Ash, 664 F.3d at 900-901 (punitive damages appropriate where "higher management countenanced or approved [the] behavior").

9

Further, Plaintiff testified that her termination impacted her life, her marriage, caused her to lose her vehicle, led to migraine headaches, and other issues.  (See Tr. 12-16).  Plaintiff found herself jobless and about to have a child. She was unable to find employment for over a year despite her documented attempts to find a new job.  (See [17.4]).  "Considering the time Plaintiff went without work, the impact on her life she testified to, the fact that this Defendant blatantly discriminated against Plaintiff because she was pregnant, and that Defendant has not bothered to participate in this litigation in any fashion," the Magistrate Judge recommended that Plaintiff's request for $50,000 in compensatory and punitive damages be granted.  The Court finds no plain error in these findings and recommendation, and Plaintiff's request for $50,000 in compensatory and punitive damages is granted.  See Slay, 714 F.2d 1095.

B.    Motion for Attorneys' Fees

Plaintiff seeks attorneys' fees in the amount of $34,416.50, and $899 in costs.  ([21] at 2).  In the Eleventh Circuit, "the starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable

10

sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th

Cir. 2008) (considering the recovery of reasonable attorneys' fees pursuant to 42

U.S.C. § 1988) (internal quotation marks and citations omitted).  The court may

adjust the lodestar amount based upon the results obtained.  See Norman

v. Housing Auth., 836 F.2d 1292, 1302 (11th Cir. 1988).  For example, attorneys'

fees may be adjusted if the result was partial or limited in success.  Id.  Put another

way,

> [i]f fee applicants do not exercise billing judgment, courts are
> obligated to do it for them. . . . .  [I]t is as much the duty of courts to
> see that excessive fees and expenses are not awarded as it is to see that
> an adequate amount is awarded.

Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).

"A request for attorney's fees should not result in a second major litigation."

Norman, 836 F.2d at 1303 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437

(1983)).  It is "perfectly proper to award attorney's fees based solely on affidavits

in the record."  Id.  "The court, either trial or appellate, is itself an expert on the

question and may consider its own knowledge and experience concerning

reasonable and proper fees and may form an independent judgment with or without

the aid of witnesses . . . ."  Id. (citations omitted).  Evidentiary hearings are only

necessary "where there [a]re disputes of fact, and where the written record [i]s not sufficiently clear to allow the trial court to resolve the disputes of fact." Id.

It is within the discretion of the Court to award reasonable attorneys' fees and costs to a prevailing party in a Title VII wrongful termination case. Price, 2007 WL 2746661 at *3 (citing 42 U.S.C. § 2000e-5(k)).  Plaintiff is able to recover attorneys' fees for time spent working on the case while it was still at the administrative level. See Mock v. S. Dakota Brd. of Regents, 296 F. Supp. 2d 1061, 1064-65 (D.S.D. 2003) (time spent on administrative process is recoverable under §2000e-5(k) so long as the work product from the administrative proceedings was both useful and of a type ordinarily necessary to advance the civil rights litigation to the state it reached before settlement (quoting Bobbit v. Paramount Cap Mfg. Co., 941 F.2d 512, 514 (8th Cir. 1991))).

The Magistrate Judge concluded that "Plaintiff's claim would have been barred had she not first exhausted her administrative remedies. Therefore, it is appropriate for her to recover attorneys' fees for the work completed during the EEOC administrative stage."  (R&R at 9).  The Court agrees.  See New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980) (allowing recovery of attorneys' fees for proceedings on discrimination employment complaint at the administrative

12

level).

The Court, however, must determine the reasonableness of both the number of hours billed and the hourly rate requested.  "The court is to use its own billing judgment to exclude 'excessive, redundant or otherwise unnecessary hours' without regard to the skill, reputation or experience of counsel." Kinnard v. Kelly, 1:08-cv-1824-JOF, 2010 WL 761230, at *6 (N.D. Ga. Mar. 2, 2010) (quoting Norman, 836 F.2d at 1301).  The Magistrate Judge determined that Plaintiff's counsel's submission of 124.8 total hours is "clearly an unreasonable amount compared to other default judgment cases, some of which required far more litigation."  (R&R at 11-12 (citing cases)).  The Magistrate pointed to specific time record entries that he found unreasonable, including entries for the time it took to draft a motion seeking an extension of time to file the motion for attorneys' fees. (Id. at 13).  The Magistrate concluded it is "necessary to adjust the requested hours and rates in order to bring the result here in line with comparable fee awards in similar default judgment cases."  (Id.).  He recommended Plaintiff be awarded attorneys' fees for forty (40) hours work at a rate of $250 per hour.  The Court finds no plain error in these findings and recommendation, and Plaintiff is awarded attorneys' fees in the amount of $10,000.

13

Plaintiff also seeks $899 in costs.  This amount includes $400 for a filing fee; $89, $124, $124, and $77 for four charges accrued in attempts to serve Defendant; and $85 for the transcript of the damages hearing.  ([21.1 at 38, 39, 41, 42, 43, 46, 49).  Where a federal statute does not provide otherwise, the prevailing party may be reimbursed for litigation costs.  See Fed. R. Civ. P. 54(d)(1); see also Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1368 (N.D. Ga. 2011) (finding that "costs of the action" includes filing fee and process server fee).  The Magistrate found Plaintiff's costs are recoverable, and recommended that Plaintiff be awarded $899 in costs.  The Court finds no plain error in these findings or recommendation.  See Slay, 714 F.2d 1095.

IV.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [22] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Kymnicka McPherson's Amended Motion for Default Judgment [11] is **GRANTED**.  Plaintiff is awarded damages in the amount of $64,880.

14

**IT IS FURTHER ORDERED** that Plaintiff 's Motion for Attorneys Fees [21] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is awarded attorneys' fees in the amount of $10,000 and $899 in costs, for a total award, together with damages, in the amount of $75,779.   Damages in any additional amount is denied.

**SO ORDERED** this 7th day of December, 2015.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

15